IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN FARRELL

    Plaintiff,

                                    CASE NO. 6:12-CV-1206–ORL-28-DAB

ROBERT J. RIVERA,
PATRICK A. CAREY,
PATRICK A. CAREY, P.A.

    Defendants

_____/

**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT
AND TO STRIKE REQUEST FOR ATTORNEY FEES, AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants, Robert J. Rivera, Patrick A. Carey, and Patrick A. Carey, P.A., by and through undersigned counsel, move to dismiss the Second Amended Complaint filed by Plaintiff, BRIAN FARRELL, *without leave to amend,* strike his request for attorney fees, and as grounds therefore would state:

AS TO COUNT I

1. The Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, Plaintiff's vague and conclusory allegations fail as a matter of law.

2. This claim is barred by the one year statute of limitations contained in the Fair Debt Collection Practices Act. See §1692k(d) Jurisdiction: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

1

Plaintiff states that he received a "dunning letter" from Defendants on January 26, 2011, that he requested validation of the debt from Defendants on February 11, 2011, and that he received a civil action summon dated June 6, 2011. Therefore, depending on which specific cause of action the Plaintiff is alleging has occurred, the one year statute of the limitations for this action began to run on or about January 26, 2011 at the earliest, and expired on or about June 6, 2012 at the latest. This action was filed on or about August 6, 2012.

3. Plaintiff has improperly combined multiple causes of actions into one count. See Federal Rules of Civil Procedure 10(b). By doing so, the Plaintiff has created a confusing situation in that the Defendants cannot determine which of the General Allegations apply to the different causes of action contained in Count I. However, it appears that Plaintiff has failed to state any factual basis for the alleged violations listed in paragraph 21(a.), 21(b.) and 21(c.)

4. The Plaintiff is seeking attorney fees but is not represented by counsel.

## AS TO COUNT II

1. The Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, Plaintiff's vague and conclusory allegations fail as a matter of law.

2. If the court grants Defendants' motion to dismiss Count I of the complaint, the court will no longer have jurisdiction over Count II, an alleged violation of state law.

3. The Plaintiff is seeking attorney fees but is not represented by counsel.

## MEMORANDUM OF LAW

I.     LEGAL ARGUMENT

     A.     **The Plaintiff Has Not Plead Sufficient Facts Or Allegations Of Law To State A Claim For Relief.**

The Complaint clearly runs afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires the Plaintiff to provide the Defendants with sufficient detail to place the

Defendants on "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough detail in order to put the defendants on notice of the reason, or legal basis, for the lawsuit and of the general actions taken by the defendants that gave rise to the lawsuit. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief").

Thus, in order to survive a motion to dismiss, a "complaint's allegations must plausibly suggest that the . . . [plaintiff] has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The U.S. Supreme Court has held that a complaint, while not needing detailed factual allegations, must provide "more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, pleadings containing "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" are insufficient and cannot be sustained. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1261 (11th Cir. 2004) (quotations and citations omitted); *Clime v. Sunwest PEO*, 253 Fed. Appx. 805, 806; 2007 U.S. App. LEXIS 2088 (11th Cir. 2007) (affirming the district court's dismissal of plaintiff's claim where Plaintiff made "conclusory and vague allegations, and his complaint was largely incoherent"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009). "Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, it "demands more than an unadorned, the defendant-unlawfully-harmed-me

3

accusation." *Dokumaci v. MAF Collection Services*, 2010 WL 1507014, *1 (M.D. Fla. April 14, 2010)

It is abundantly clear that the Complaint violates basic standards of pleading a cause of action.  The Plaintiff has failed to identify any facts or alleged conduct of Defendants for the alleged violations of 15 U.S.C. Sec. 1692e(2),  15 U.S.C. Sec. 1692e(10), and 15 U.S.C. Sec. 1692f(1) Even though the Plaintiff is *pro se,* that does not relieve him from the standards required to state a cause of action.  *See Clime v. Sunwest Peo, CAN Claimplus, Inc.*, 253 Fed. Appx. 805, 806 (11th Cir. 2007) ("[B]ecause [the *pro se* plaintiff] appeared, at most, to make conclusory and vague allegations, and his complaint was largely incoherent, the district court did not err by dismissing his complaint for failure to state a claim").

While "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Trawinski v. United Techs., Carrier Corp.*, 313 F.3d 1295, 1297 (11th Cir. 2002) (quoting *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998)), they are nevertheless required to conform to procedural rules.  *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

The District Court for the Southern District of Georgia explained this distinction particularly well:

> Not surprisingly, pro se litigants often do not understand complex legal principles and thus fail to plead "foundation facts" to a claim. They cannot, however, simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. To the contrary, plaintiffs must plead factual allegations upon a good faith belief per F.R.Civ.P. 8 and 11. Again, judges cannot and must not "fill in the blanks" for pro se litigants; they may only cut some "linguistic slack" in what is actually pled.

*Bivens v. Roberts*, 2009 U.S. Dist. LEXIS 11832, 12-13 (S.D. Ga. Feb. 18, 2009). Further, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation,

and abuse already overloaded court dockets." *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986)).

**B.     The Statute of Limitations has run on Plaintiff's FDCPA claims.**

The FDCPA has a one year statute of limitations ("An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."). Using the Plaintiff's own dates, the statute of limitations began to run either on or about the day he received the "dunning letter" from Defendants on January 26, 2011, or on or about the date he received a civil action summon dated June 6, 2011, after requesting validation of the debt. Therefore, depending on which specific FDCPA violation the Plaintiff is alleging has occurred, the one year statute of the limitations for this action began to run on or before January 26, 2011 at the earliest (the "dunning letter"). At the latest, the one year statute of limitations began on or before June 6, 2011 (civil action summons). Therefore, using the Plaintiff's own dates and viewing the matter in the most favorable way to Plaintiff, the statute of limitations for all possible alleged violations of the FDCPA ran on or about June 6, 2012. This action was filed on or about August 6, 2012.

The alleged filing of the affidavit in September 19, 2012 after the Plaintiff's request for validation in 2011 did not restart the statute of limitations, as the lawsuit had already been filed in state court. Assuming that the debt was not validated after a request for validation, and using the Plaintiff's own dates and allegations, the filing of the lawsuit would have been the violation of the statute, not the subsequent filing of the affidavit. See *Contreras v. Brock & Scott PLLC,* 775 F.Supp.2d 808.

If the statute of limitations has run on a FDCPA claim, dismissal of the case is proper. "Holding that Maloy's complaint was filed outside the applicable one-year statute of limitations, the district court entered its judgment of dismissal.......Accordingly, we hold that the day after Phillips mailed the collection letter, November 14, 1992, is the date from which the one-year period of limitations began to run. Because Maloy filed his complaint on November 15, 1993, the district court properly determined that any claims arising out of the letter Phillips mailed to Maloy on November 13, 1992, were barred by the one-year statute of limitations." *Maloy v. Phillips* 64 F.3d 607.

### C.       Plaintiff Fails To State A Claim Against Defendants Under The FCCPA.

Count II of Plaintiff's Complaint purports to seek relief for FCCPA violations with barebones allegations that Defendants claimed, attempted or threatened to enforce a debt when they knew that the debt was not legitimate. However, Plaintiff has completely failed to offer one allegation of fact to support his claims of purported FCCPA violations.

Additionally, although the Plaintiff has failed to allege the factual basis for his FCCPA claim, to the extent that if the claim is premised on actions that took place during the course of litigation in state court, such a claim cannot properly lie as it is precluded by the litigation immunity privilege. See *Echevarria v. Cole*, 950 So.2d 380.

Moreover, even if the Plaintiff could amend the Complaint to properly state a claim under the FCCPA, it follows that once the FDCPA claim is dismissed, this Court should no longer retain jurisdiction of the Plaintiff's FCCPA claims against Defendants.  Plaintiff's purported claims under the FCCPA would arise under state law only, specifically Fla. Stat. § 559.72. Pursuant to Fla. Stat. § 559.77(1), "[a] debtor may bring a civil action against a person violating the provisions of s. 559.72 in the county in which the alleged violator resides or has his or her

principal place of business or in the county where the alleged violation occurred." There is no provision of the FCCPA that would grant jurisdiction of an FCCPA claim to a federal court. Pursuant to 28 U.S. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Therefore, upon dismissing the FDCPA claim with prejudice for the reasons discussed above, this Court should decline to retain jurisdiction of any potential FCCPA claim against Defendants.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion to Dismiss Plaintiff's Second Amended Complaint against Defendants with prejudice and without leave to amend, and strike his request for attorney fees. The Plaintiff has filed three separate complaints with the court, and each one has contained fatal flaws. Even after the Defendants pointed out what those flaws were in their Motion to Dismiss the complaint, the Plaintiff filed his Second Amended Complaint, and failed to correct the deficiencies of the previous two complaints filed with the Court. Defendants also request that they be awarded costs and attorney's fees pursuant to 15 USC 1692k(3), which states that on a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs. Defendants would argue state that this claim was brought in bad faith and for the purpose of harassment.

Dated: November 27, 2012

> */s/ Patrick A.Carey*
> Patrick A. Carey, Esquire FBN 558184
> 10967 Lake Underhill Road Unit 125
> Orlando, FL 32825
> (407) 380-1333 Fax (407) 380-0810
> pcarey@patrickacareypa.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2012, a true and correct copy of foregoing document was served by electronic filing with the Clerk of the Court using CM/ECF. I also certify that on November 27, 2012, a true and correct copy of the foregoing document was served via U.S. Mail on the pro se party of record on the Service List below.

> */s/ Patrick A. Carey*

## SERVICE LIST

Brian Farrell
106 Clear Lake Circle
Sanford FL 32773