UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRIAN FARRELL<br>*Plaintiff,*<br><br>vs<br><br>PATRICK A. CAREY, P.A.<br>PATRICK CAREY, FBN 558184<br>ROBERT J. RIVERA, FBN 46839<br>*Defendants,* | Case No 6:12-cv-1206 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE REQUEST FOR ATTORNEY FEES

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Brian Farrell, pursuant to Rule 12 of the Federal Rules of Civil Procedure and Local Rule 3.01, files this Opposition to Defendant's Motion to Dismiss and to Strike Request for Attorney fees and states that it should be denied in its entirety. In support thereof, the Plaintiff states the following:

### INTRODUCTION

1. Plaintiff is Brian Farrell; Defendants are PATRICK A. CAREY, P.A., Patrick A. Carey, and Robert J. Rivera.

2. Plaintiff filed an original complaint against Defendant for violations of the FDCPA and the FCCPA on August 6, 2012.

Page 1 of 7

3. Plaintiff filed a first amended complaint on September 21, 2012 to fix a clerical error in Count one of the original complaint, without amending any of the merits of the original complaint.

4. Plaintiff motioned the Court for leave to amend the complaint on October 24, 2012, which was granted on November 18, 2012, due to an inadvertent error on behalf of the Plaintiff leaving out a critical part of the timeline in the allegations, again not amending any of the violations in the original complaint. Plaintiff did clarify the violations but did not amend any of them.

## STANDARD OF REVIEW

5. Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that a pleader is entitled to relief," in order to "give the Defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). "[A] complaint attacked by a 12(b)(6) motion to dismiss does not need factual allegations." *Id.* At 555. "[We] do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

6. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman,* 646 F.2d 991,993 (5th Cir. 1981). It is well established that "pro se

complaints are held to less stringent standards than formal pleading drafted by lawyers." *Miller v. Stanmore,* 636 F.2d 986,988 (5th Cir. 1981). When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399. 1403 (9th Cir. 1996); *Jones v. General Elec. Co.,* 87 F.3d 209, 211(7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

7. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." *Friends of Lake View School District v, Beebe,* 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a Plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than a mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 W. Ct. 1937, 1950 (2009). Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). [A] well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. 556.

8. In this case, Plaintiff alleged a cause of action for violations of the FDCPA and the FCCPA. The elements are:

   a. That Patrick A. Carey, P.A. sent a dunning letter to the Plaintiff on January 26, 2011, sent by Patrick A. Carey.

   b. That the Plaintiff sent by U.S.P.S. certified mail a timely demand for validation letter to the Defendant on February 6, 2011, well within the 30 days required by the FDCPA.

   c. That the Defendant filed a lawsuit in Seminole County Court on June 2, 2011 and on which the Plaintiff was served on June 6, 2011.

   d. That the Defendant voluntarily dismissed the case on August 05, 2011 and then submitted an "Affidavit as to Account" into the case on September 19, 2011 and subsequently dismissed the case again on March 19, 2012. (*See* docket exhibit 1).

9. The Defendant alleges in their motion to dismiss that the statute of limitations has run on Plaintiff's FDCPA claim. The statute of limitations starts on the date that the Defendant last violated the statute, not when the Defendant sent the "dunning letter" or when the Defendant filed the lawsuit, as the Defendant suggests in their motion to dismiss. The fact that the Defendant attempted to

"reopen" the case by submitting an "Affidavit as to Account", constitutes a new violation of the FDCPA 1692 g(b) and FCCPA.

10. Section 1692k(d) provides: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." The date on which the violation occurs was left undefined by the FDCPA. Courts have attained some consistency in construing this phrase. The Court of Appeals for the Ninth Circuit addressed this issue in *Fox v Citicorp Svcs Inc.*, 15 F.3d 1507,1515 (9th Cir. 1994), and concluded that the phrase in 15 U. S. C. § 1692i reaching "any legal action on a debt" encompasses *all* judicial proceedings." *Blakemore v. Pekay*, 895 F. Supp. 972-Dist. Court, ND Illinois 1995.

11. The Defendant references *Contreras v. Brock & Scott PLLC* 775 F. Supp. 2d. 808 and in reading the "MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE", the Defendant's motion to dismiss was "**Denied** with respect to Garcia-Contreras's claim of failure to cease collection activities." Furthermore, the case does not make reference to any statute of limitation issues.

12. The Defendant states in its motion to dismiss that the "Plaintiff has improperly combined multiple causes of action into one count. See Federal Rules of Civil

Procedure 10(b)." Plaintiff has read FCRP 10(b) and the rule states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count or defense." The rule reads, "If doing so would promote clarity...", not that it is mandatory. Plaintiff has stated the claims in the interest of simplicity. Plaintiff has chosen to make an inclusive statement of the causes of action, if this Honorable Court prefers the individual statutory violations be separated out by count, Plaintiff asks the Court for leave to amend the complaint.

13. The Defendant states "that Plaintiff has failed to state any factual basis for the alleged violations listed in paragraph 21(a), 21(b), and 21(c)". Plaintiff has stated the violations took place, how and when. Plaintiff is not required to submit evidence and documentation to support the allegations in the initial pleadings. As the case proceeds through discovery Plaintiff will do so.

14. The Defendant states that the "Plaintiff is seeking attorney fees but is not represented by counsel." The Plaintiff addresses attorney fees in the event that they become proper and necessary. Plaintiff may seek assistance of an attorney should the case proceed to trial.

## CONCLUSION

15. Plaintiff's allegations support a claim on which relief can be granted and the

statute of limitations have not expired from the date of the last violation, the Court should deny Defendant's motion and retain the case on the Court's docket. In the alternative, if this Honorable Court determines that the Plaintiff's complaint is in any way deficient, Plaintiff asks the Court to grant leave to amend the complaint.

WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted, nor has the Defendant proven that the statute of limitations have expired on Plaintiff's FDCPA claim, Plaintiff respectfully requests the Court deny the Defendants motion and allow the Plaintiff's claim to move forward to trial on its merits.

Respectfully Submitted,

Brian Farrell
106 Clear Lake Circle
Sanford Florida, 32773
321-662-7627