# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN FARRELL,**

              **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:12-cv-1206-Orl-28DAB**

**PATRICK A. CAREY, P.A., PATRICK CAREY, ROBERT J. RIVERA,**

              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. No. 22)**
>
> **FILED:** November 27, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

*Background*

This is an action for damages for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA" or "the Act") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559 ("the state Act"). According to the pertinent allegations of the Second Amended Complaint, which the Court takes as true for purposes of this motion, Plaintiff, appearing in this matter *pro se,* received an initial communication in the form of a dunning letter on January 26, 2011, from the Defendant law firm (Doc. 21, ¶ 10). Plaintiff sent a written response on February 11, 2011, in which Plaintiff disputed the alleged debt and demanded verification (*Id.* at ¶11). Defendant filed

suit against Plaintiff in Seminole County Court, and the summons and complaint was received by Plaintiff on June 6, 2011 (*Id.* at ¶13). Plaintiff alleges that: "Defendants put an "Affidavit as to Account" into the state case on September 19, 2012,[1] again attempting to collect an alleged debt, without validating the alleged debt when a request had previously been timely made and not complied with" (*Id.* at ¶14).

Plaintiff filed his initial Complaint in this Court on August 6, 2012 (Doc. 1), and amended it shortly thereafter. He was given leave to file a Second Amended Complaint, which is the operative pleading. In Count I of that pleading, Plaintiff asserts that he is a consumer within the meaning of 15 U.S.C. §1692a(3) and Defendants are debt collectors within the meaning of the Act. He alleges:

> (a.) Defendants PAC, PATRICK A. CAREY, and ROBERT J. RIVERA violated 15 U.S.C. §1692e(2) by the false representation of the character, amount, or legal status of the alleged debt.
> (b.) Defendants PAC, PATRICK A. CAREY, and ROBERT J. RIVERA violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer by misrepresenting the amount of the alleged debt.
> (c.) Defendants PAC, PATRICK A. CAREY, and ROBERT J. RIVERA violated 15 U.S.C. §1692f(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.
> (d.) Defendants PAC, PATRICK A. CAREY, and ROBERT J. RIVERA violated 15 U.S.C. §1692g(b) by continuing to collect the alleged debt without having first provided validation of the alleged debt, after receiving a written notice from the Plaintiff disputing the alleged debt.

(*Id.* at ¶¶ 18-21).

In Count II, Plaintiff realleges the above and asserts that he is a consumer and Defendants are debt collectors within the meaning of the state Act (*Id.* at ¶¶ 22-24). He alleges: "PAC, PATRICK A. CAREY and ROBERT J. RIVERA violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate." *(Id.* at ¶ 25). In both counts,

---

[1] This appears to be an error. The docket sheet from the state court case, which is attached to the Plaintiff's response but is not within the four corners of the operative complaint, notes that a filing was made on September 19, 20*11*.

-2-

Plaintiff seeks statutory damages of $1,000.00, "actual damages as they may occur," and "any attorney's fees and costs."

Defendant filed the instant motion to dismiss, Plaintiff has filed his response (Doc. 23), and the District Judge referred the matter to the undersigned United States Magistrate Judge. The Court has reviewed the arguments and the applicable law. For the following reasons, it is **recommended** that the motion to dismiss be **granted.**

### *Standard of Review*

In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The standard of review, as articulated by the Supreme Court, provides:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

### *Analysis*

Defendants move to dismiss the operative complaint and to strike the request for attorney's fees, contending that, as to Count I: 1) the claim for violation of the Act is barred by the one year

-3-

statute of limitations; 2) Plaintiff has improperly combined multiple causes of action into one count and fails to state any factual basis for the alleged violations listed in paragraph 21(a), (b) and (c); and 3) Plaintiff is not represented by counsel and attorney's fees are therefore not available.  As to Count II, Defendants assert that: 1) Plaintiff's "vague and conclusory allegations fail as a matter of law"; 2) if the Court grants dismissal as to the first count, the Court will no longer have jurisdiction over Count II; and 3) Plaintiff is seeking attorney's fees but is not represented by counsel.  Plaintiff disputes these assertions.  The Court addresses each, in turn.

*Statute of Limitations*

The parties agree that a one year statute of limitations applies to Count I.  Section 1692k(d) of the Act allows a party to bring "[a]n action to enforce any liability" under the FDCPA "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  Defendants contend that, according to the allegations of the operative Complaint, the current action is untimely as a matter or law.

It appears that the violation complained of is the alleged failure of Defendants to validate the debt, upon demand by Plaintiff.  As summarized above, Plaintiff alleges that a dunning letter was received on January 26, 2011, and Plaintiff demanded that the debt be validated; suit was filed in state court and the summons was received by Plaintiff on June 6, 2011;  Defendants put an "Affidavit as to Account" into the state case on September 19, 2011; and Plaintiff filed the instant action on August 6, 2012.  Applying the one year limitation, any violation prior to August 2011 is time-barred. As the dunning letter, the filing and service of the state court suit were all before this date, Defendants contend that the action is therefore barred.

Plaintiff acknowledges that the letter and, the filing and service of the state court action is outside the limitations period, but contends that the statute of limitations "starts on the date that the Defendant last violated the statute" and "[t]he fact that the Defendant attempted to "reopen" the case

-4-

by submitting an "Affidavit as to Account," constitutes a new violation of the FDCPA 1692g(b) and FCCPA." (Doc. 23 at 4-5).[2]

Although neither side adequately briefed the issue and there does not appear to be controlling Eleventh Circuit direction, numerous courts have rejected the contention that an action taken in an existing state court collection proceeding is a "new" violation or a continuing violation, for limitations purposes. *See*, e.g., *Popov. v. Litton Loan Servicing, LP.,* No. 1:12-cv-169, 2012 WL 5364273 (N.D. Ohio, Oct. 30, 2012) (filing of a brief in opposition to a motion to dismiss, which did not contain any new or unique misrepresentation separate from what was previously in the initial complaint, "amounts to nothing more than merely maintaining a lawsuit" and does not constitute a new or continuing violation); *McNerney v. Mortgage Electronic Registration Systems, Inc*., 09-cv-2625, 2010 WL 3222044 *7 (N.D. Ohio 2010) (merely "maintaining a lawsuit (as distinct from instituting one) is not, in and of itself, a continuing violation . . ."), *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98-civ-990, 1998 WL 437151, at *3 (S.D. N.Y. 1998) (continued prosecution of collection suit, including filing amended complaint and summary judgment motion, did not constitute continuing violation and all such "claims" accrued on date suit was filed); *Ball v. Ocwen Loan Servicing, LLC*, No.1:12CV0604, 2012 WL 1745479 (N.D. Ohio 2012) (appearing at a court-ordered mediation in connection with a foreclosure action would be akin to maintaining a lawsuit and would not rise to the level of a violation of the FDCPA independent of the act of filing suit). As one court put it: "The course of litigation is not, in itself, a 'continuing violation' of the FDCPA." *Schaffhauser v. Burton Neil & Assocs.*, No. 1:05–CV02075, 2008 WL 857523, at *2 (M.D. Pa. 2008) (citations omitted). "For conduct during

---

[2]Plaintiff argues several "facts" in his response brief that are not alleged in the operative complaint. For example, Plaintiff asserts "that the Defendant voluntarily dismissed the case on August 5, 2011 and then submitted an "Affidavit as to Account" into the case on September 19, 2011 and subsequently dismissed the case again on March 19, 2012." (Doc. 23). The Second Amended Complaint, however, alleges only that: "Defendants put an "Affidavit as to Account" into the state case on September 19, 2012, again attempting to collect an alleged debt, without validating the alleged debt when a request had previously been timely made and not complied with" (Doc. 21 at ¶14). The "Affidavit as to Account" is not attached to the Complaint or otherwise before the Court, and Plaintiff pleads nothing of dismissals. Construing this allegation liberally, the Court assumes the Affidavit is a sworn statement of the account being sued upon. The allegations pled, however, do not support a conclusion that the Affidavit was filed in order to "reopen" the case.

litigation to be actionable, a plaintiff must allege [ ... ] that the conduct is a violation of the FDCPA independent of the act of filing suit." *Id.*

Applied here, the Second Amended Complaint contains no such allegation, nor can the asserted facts support such an allegation. The filing of an Affidavit in a lawsuit that has already been filed is not a discrete act independent of the suit itself. *Nutter v. Messerli & Kramer, P.A.*, 500 F.Supp. 2d 1219, 1223 (D. Minn.2007) (noting that statements made during litigation based on the status of the debt "relate back" to the assertion that the debt remained outstanding, and holding that an account affidavit filed in state court action related back to initiation of state court suit). [3] Count I is barred by application of the statute of limitations.

*Applying the Pleading Standard*

Defendants alternatively assert that Plaintiff has failed to plead sufficient facts to support a cause of action for alleged violations of 15 U.S.C. § 1692e(2), (10) and 1692f(1). Although the statute of limitations finding is dispositive as to Count I, it is also correct that Plaintiff has not pled sufficient allegations to support a plausible claim under these provisions. While Plaintiff asserts, in conclusory fashion, that Defendants violated these provisions by false representation and by attempting to collect an amount not authorized by the agreement, there are no underlying factual allegations as to any false representations made or attempts at collecting unauthorized amounts. Indeed, although Plaintiff alleges that he sent a writing to Defendants "in which Plaintiff disputed the debt and demanded validation," he never alleges that, in fact, the debt was incorrect or not owed. Rather, Plaintiff alleges that he is a natural person "obligated, or allegedly obligated, to pay a debt owed or due" (Allegation

---

[3]Indeed, even if the Court were to consider Plaintiff's contention that Defendant filed a voluntary dismissal prior to the filing of the Affidavit (an allegation that does not appear in the Second Amended Complaint), this conclusion would not change. There is no showing that the Affidavit set forth any matters discrete from that alleged in the state suit complaint and the filing was made in the same action. Filing a paper in an existing docket reiterating the same allegations already pled in the existing docket is simply not the equivalent of sending a new demand letter or commencing a new suit.

7), and does not include any allegation that the amount sought was, in fact, unauthorized or falsely represented by Defendants. This ground, too, supports dismissal of these alleged violations.

*Count II*

For similar reasons, Count II fails to state a cognizable cause of action. As noted above, there are no separate factual allegations supporting the claim for violation of the State Act. Plaintiff merely realleges the prior allegations and concludes that Defendants "violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate." As above, however, there are no allegations which could support this conclusion as Plaintiff has not pled that the debt was *not* legitimate.

Moreover, this action is before the Court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. As the Court finds that the federal cause of action must be dismissed, and there is no possibility that the remaining claim is within the original jurisdiction of the Court,[4] the Court considers whether to retain jurisdiction of the supplemental state law claim in light of 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."). The Court may decline to continue its exercise of supplemental jurisdiction where federal claims have been dismissed because "no basis for federal jurisdiction presently exists." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.,* 402 F.3d 1092, 1123 (11th Cir. 2005). "In making this decision, the court 'should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Id.* (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (dismissal of state law claims encouraged when federal law claims are

---

[4] The Second Amended Complaint alleges that Plaintiff "resides in" and Defendant law firm "is located in" Florida, and the amount of damages claimed is well below the statutory limit of 28 U.S.C. § 1332. Although residency is not necessarily citizenship, there are no allegations otherwise sufficient to bring this matter within the Court's diversity jurisdiction.

dismissed prior to trial); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (holding that "[w]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction"); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("'When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . .,'" quoting *Carnegie-Mellon Univ.*, 484 U.S.343, 108 S.Ct. 614, 98 L.Ed.2d 720). Applied here, the case is at its early stages and the Court sees no reason to entertain what is, at best, a purely state law claim between Florida residents.[5]

*Conclusion*

For the reasons set forth above, it is **respectfully recommended** that the motion to dismiss be **granted.** As the defect relating to the statute of limitations is definitive and the operative complaint is not susceptible to amendment (and Plaintiff has already amended twice, in any event), it is recommended that the Second Amended Complaint be dismissed, with prejudice to the FDCPA claim, but without prejudice to pursuit of any state law claim in the appropriate forum.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 19, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[5] This conclusion moots the additional objections to the Second Amended Complaint, including the objection to the request by the *pro se* Plaintiff for attorney's fees. Additionally, the Court sees no basis for Defendants' claim for fees and costs. There is no showing that Plaintiff's suit was filed in bad faith and for the purpose of harassment.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy